18-142-cr
United States v. Uribe-Jimenez

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand nineteen.

PRESENT:  PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                          No. 18-142-cr

SALVADOR URIBE-JIMENEZ,

*Defendant-Appellant*.

-----------------------------------------------------------------

FOR DEFENDANT-APPELLANT: JENNIFER R. KWAPISZ (Marcus A. Asner, Craig A. Stewart, *on the brief*), Arnold & Porter Kaye Scholer LLP, New York, NY.

FOR APPELLEE: HIRAL D. MEHTA, Assistant United States Attorney (Amy Busa, Craig Heeren, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Salvador Uribe-Jimenez appeals from a judgment of conviction following a guilty plea before the District Court (Dearie, J.). Uribe-Jimenez claims that he was forced to plead guilty out of concern that his counsel was unprepared to go to trial and that the District Court abused its discretion in denying his motion to withdraw his guilty plea on the ground that it was not voluntary. We assume the parties' familiarity with the underlying facts and the record of prior

2

proceedings, to which we refer only as necessary to explain our decision to affirm.

"Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a plea of guilty after it is accepted, but before sentencing, only if the defendant can show a fair and just reason for requesting the withdrawal." United States v. Rivernider, 828 F.3d 91, 104 (2d Cir. 2016) (quotation marks omitted). "To determine whether a defendant has met this burden, a court should consider: (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." United States v. Rose, 891 F.3d 82, 85 (2d Cir. 2018) (quotation marks omitted), cert. denied, 139 S. Ct. 796 (2019). "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." Rivernider, 828 F.3d at 104 (quotation marks omitted).

At the outset, we note that Uribe-Jimenez did not assert his actual or legal innocence when he moved to withdraw his guilty plea. Nor did he raise the possibility of withdrawing his plea until over seven months after entering it, shortly after the Pre-Sentence Investigation Report was issued in this case. In addition, the Government showed that it would be prejudiced if Uribe-Jimenez were allowed to withdraw his plea in that important evidence of the defendant's guilt that was available when he pleaded guilty was no longer available. These facts support the District Court's decision to deny Uribe-Jimenez's motion to withdraw his plea. See Rose, 891 F.3d at 85; United States v. Doe, 537 F.3d 204, 213 (2d Cir. 2008).

Uribe-Jimenez nevertheless claims that the District Court abused its discretion in denying his motion because it focused too "narrowly on the plea allocution, rather than on the totality of the circumstances leading up to the plea." Appellant's Br. 3. First, he argues that the District Court failed to acknowledge that his relationship with defense counsel "deteriorated markedly" in the lead-up to his guilty plea, and that, prior to his plea, he had "sound reasons to fear that defense counsel would not be prepared to provide effective

4

assistance if Mr. Jimenez proceeded to trial as scheduled." Appellant's Br. 25, 30. But the District Court acknowledged Uribe-Jimenez's frustration with his attorneys and his desire to proceed to trial. We also consider that, after seeking to replace his attorney on May 17, 2016, Uribe-Jimenez confirmed that he would not need to replace counsel if counsel could be prepared for an August 8 trial. Uribe-Jimenez raised no further concerns about his counsel prior to his plea on August 3, 2016, despite having multiple opportunities to do so. At the plea hearing on August 3, moreover, Uribe-Jimenez assured the District Judge that he was satisfied with both his counsel and separate independent counsel who had been appointed for him, and that he was entering his plea voluntarily and was not forced to do so. Such "statements at a plea allocution carry a strong presumption of veracity." Doe, 537 F.3d at 213. For these reasons, the District Court did not abuse its discretion by rejecting Uribe-Jimenez's claim that concerns about his counsel's preparedness for trial rendered his plea involuntary.[1]

---

[1] Uribe-Jimenez does not challenge his plea on the ground that he in fact received ineffective assistance of counsel. Cf. United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005); United States v. Torres, 129 F.3d 710, 716 (2d Cir. 1997).

Uribe-Jimenez also argues that his decision to plead guilty without a plea agreement, despite his prior insistence on a speedy trial, demonstrates that his plea was involuntary. We disagree. It is often the case that defendants plead guilty on the eve of trial without a plea agreement after reviewing the Government's proposed evidence for trial, the last batch of which Uribe-Jimenez received just two days before his plea.

We have considered Uribe-Jimenez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court